IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00926-MSK-MJW

OSCAR FIGUEROA,

        Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

        Defendant.

_____

## OPINION AND ORDER DISMISSING ACTION
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss (**# 7**), to which no responsive papers have been filed.

The Plaintiff's Complaint seeks reformation of an auto insurance contract. The Defendant removed (**# 1**) this action from the Colorado District Court for Jefferson County, then moved (**# 7**) to dismiss the Complaint, noting that, since the events at issue in the Complaint, the Plaintiff had petitioned for Chapter 7 bankruptcy. Specifically, the Defendant's motion alleged: (i) that the Plaintiff lacks standing to sue, as upon his bankruptcy filing, his assets, including the claim asserted herein, became property of the Chapter 7 Trustee; (ii) that the judgment granting the Plaintiff a discharge of his debts in the bankruptcy proceeding operates as *res judicata* to bar this proceeding; and (iii) that by failing to list the claim as an asset in the bankruptcy case, the Plaintiff is equitably or judicially estopped from asserting it here. The Plaintiff did not file a response to the motion.

1

The doctrine of standing invokes both constitutional and prudential limitations on the jurisdiction of the federal courts. *Kowalski v. Tesmer*, 543 U.S. 125, 128-29 (2004). The obligation that the litigation be pursued by a party seeking to vindicate his own rights and interests is a component of prudential standing. *Elk Grove Unified Sch. Dist. v. Nedow*, 542 U.S. 1, 12 (2004). On a motion to dismiss challenging the plaintiff's standing, the Court must treat all allegations in the complaint as true and draw all inferences in light of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). However, if the complaint itself does not establish the plaintiff's standing, and the plaintiff does not produce sufficient evidence by affidavit or otherwise to do so, dismissal of the complaint is appropriate. *Id.* at 501-02.

Normally, the party invoking federal jurisdiction has the burden of establishing that it exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002). The Plaintiff originally filed this action in Colorado's state courts, and it was the Defendant who removed it to this Court. Thus, the Defendant bears the burden of establishing that this Court has jurisdiction over the action. Of course, it is the Defendant who contends that no such jurisdiction exists, due to the Plaintiff's lack of standing. The Plaintiff has not responded to contend that he does, indeed, have standing to assert claims apparently encompassed by his bankruptcy estate, and thus, the Court finds that the Defendant has failed to establish that this Court has jurisdiction to hear the case.

When a federal court determines that it lacks subject matter jurisdiction over a removed case, the proper remedy is a remand of that case to the state court from where it came. 28 U.S.C. § 1447(c). Although the Defendant seeks outright dismissal of the action for lack of standing, this Court cannot grant such relief in this case. The standing doctrine derives from <u>federal</u> constitutional and prudential limitations. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997). It is

2

entirely possible that the courts of the State of Colorado throw open their doors to a broader class of plaintiffs than do the federal courts.  On the other hand, it may be that the state courts maintain similar standing principles, and the Plaintiff's bankruptcy deprives him of standing to assert this claim in state courts as well.   The matter is not for this Court to decide, however.  It is sufficient to observe that there has been an insufficient showing that the Plaintiff has standing to assert the instant claims in the federal courts.  The Court need not – indeed, may not – consider the Defendant's alternative arguments.

Accordingly, the Defendant's Motion to Dismiss **(# 7)** is **GRANTED IN PART**, insofar as the Court finds that the Plaintiff lacks standing to pursue his claims in federal court, and **DENIED IN PART**, insofar as dismissal of the claims of the merits is not the appropriate remedy.  The case is **REMANDED** to the Colorado District Court for Jefferson County for further proceedings as may be warranted.  The Clerk of the Court shall transmit the case file to the Clerk of the Colorado District Court for Jefferson County, and shall close this case.

Dated this 28th day of June, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge