IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00926-MSK-MJW

OSCAR FIGUEROA

      Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

      Defendant.

---

## OPINION AND ORDER DENYING MOTIONS FOR RECONSIDERATION

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for

Reconsideration (**# 11**), to which no responsive papers were filed; and the Plaintiff's Motion for

Reconsideration (**# 12**), and the Defendant's response (**# 13**).[1]

Both parties' motions are directed at this Court's June 28, 2006 Order (**# 10**) that denied

the Defendant's Motion to Dismiss (**# 7**).  The Defendant had moved to dismiss the Plaintiff's

Petition for Declaratory Judgment, arguing, among other things, that the Plaintiff's failure to

disclose his claim in a subsequent Chapter 7 bankruptcy deprived the Plaintiff of standing to

pursue the claim.  The Plaintiff did not respond to the Defendant's motion.  In its June 28, 2006

---

[1]The Court's docket also indicates that the Defendant's Unopposed Motion for Extension of Time to File a Response (**# 2**) remains pending.  The docket entry is not attached to any electronic document, and thus, there does not appear to be an actual motion to this effect pending.  The Court will direct the Clerk of the Court to terminate docket entry # 2.  At any rate, the Defendant has since responded to the Plaintiff's initial pleading, and thus, any motion for extension of time to do so would be denied as moot.

Order, the Court found that the Plaintiff had the burden of establishing his standing to pursue this action, and that his failure to respond to the Defendant's motion amounted to a failure to carry that burden. However, the Court declined to dismiss the action outright, noting that standing is a prudential limit on the Court's jurisdiction, and that in a case removed from state court, remand, not dismissal, was the proper remedy for a finding that the Court lacked jurisdiction. Accordingly, the Court directed that the case be remanded back to the Colorado District Court for Jefferson County.

The Defendant's Motion to Reconsider (# 11) was filed two days later. The Defendant argues that: (I) the Court was entitled to exercise subject-matter jurisdiction over the action as a result of diversity of citizenship, 28 U.S.C. § 1332; and (ii) because the Court otherwise had subject-matter jurisdiction over the action, dismissal, rather than remand, was the proper remedy for the Plaintiff's lack of standing, *citing Greene v. Citigroup, Inc.*, 215 F.3d 1336 (table), 2000 WL 647190 (10th Cir. 2000) (unpublished). The Plaintiff did not file a response to the Defendant's motion.

On July 19, 2006, the Plaintiff filed his own Motion for Reconsideration (# 12). The Plaintiff's motion concedes that proper subject-matter jurisdiction exists in this Court on the grounds of diversity, but does not address the Defendant's argument as to the appropriate remedy for the Plaintiff's lack of standing. Rather, the Plaintiff's motion argues that his claim is one for personal injuries[2] under C.R.S. § 13-54-102(1)(n), and thus, is exempt from the reach of

---

[2]The Plaintiff's Petition alleges that the Defendant failed to offer required levels of insurance coverage to him, and seeks reformation of the Plaintiff's insurance policy to provide for greater coverage relating to an auto accident the Plaintiff was involved in.

2

creditors. As a result, the Plaintiff contends, the action did not have to be disclosed in the bankruptcy proceeding.

Although both parties captioned their filings as a "Motion for Reconsideration," the federal rules recognize no such thing.  Rather, depending on whether it is filed within 10 days of the order it refers to, such a request is either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), or a motion for relief from a judgment under Fed. R. Civ. P. 60(b). *Hatfield v. Board of County Commissioners for Converse County,* 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991).  The Defendant's's motion, filed within 10 days of the Court's June 28, 2006 Order, is treated as a motion to alter or amend the judgment pursuant to Rule 59(e).  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir.1995).  The Plaintiff's motion, having been filed more than 10 days after the June 28, 2006 Order, is governed by Rule 60(b).  *Allender v. Ratheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000).  Such a motion is appropriate where the Court has allegedly misapprehended the facts, a party's position, or the controlling law.  *Id.*

Relief under Rule 60(b) is within the Court's discretion, and should be granted only in exceptional circumstances. *Van Skiver*, 952 F.2d at 1243.  The party seeking relief may show such exceptional circumstances by demonstrating one of the grounds set forth in the rule, such as mistake or excusable neglect, newly discovered evidence, or other reasons warranting relief from

3

the order or judgment. *Id.* at 1243-44; *Allender*, 439 F.3d at 1242.  Rule 60(b) is not a proper

vehicle to re-argue matters presented in earlier briefing, or the challenge the correctness of the

Court's factual or legal conclusions; Rule 59(e) is the only vehicle for such arguments. *Van*

*Skiver*, 952 F.2d at 1244.

The Court turns first to the Plaintiff's motion, made under the more restrictive standard of

Rule 60(b).  The Plaintiff's motion essentially refutes the correctness of the Court's finding that

the Plaintiff lacked standing.  Besides being an inappropriate grounds for seeking relief under Rule

60(b), *Van Skiver,* 952 F.2d at 1244, the Plaintiff's argument comes too late.  The Plaintiff had an

opportunity to argue that he had standing by responding to the Defendant's Motion to Dismiss,

and he did not.  He does not contend that his failure to respond was the result of mistake or

excusable neglect, Fed. R. Civ. P. 60(b)(1), nor otherwise point to circumstances that prevented

him from responding to the Defendant's challenge to his standing.  Accordingly, the Court finds

that the Plaintiff is not entitled to relief under Rule 60(b).[3]

The Defendant's motion raises more a more complex legal issue.  The motion argues that

the Court erred in concluding that the Plaintiff's lack of standing warranted remand rather than

dismissal.  The Defendant's argument is premised upon *Greene*, a case in which the defendant

---

[3]Even if the Court were to consider the merits of the Plaintiff's argument, it would still
deny relief.  The Plaintiff contends that he has standing to pursue this claim, despite not disclosing
it in his bankruptcy, because the claim is one for personal injuries that is outside the reach of
creditors under Colorado law.  This argument is patently frivolous.  The Plaintiff's claim against
the Defendant seeks reformation of a <u>contract</u> of insurance.  The Defendant – an insurance
company – did not cause the Plaintiff to suffer injuries in an auto accident.  Rather, it allegedly
breached a contract (or, more accurately, a contract allegedly subject to reformation) to
compensate the Plaintiff for such injuries.  The Plaintiff has not shown that such a contractual
claim is not required to be disclosed in a bankruptcy proceeding, and thus, fails to demonstrate his
standing in this case.

removed the plaintiff's state court claim for environmental law violations pursuant to 28 U.S.C. § 1442(a)(1).  That statute permits the removal of an action brought against a federal officer or one who acts at the direction of such an officer.  Finding that removal was proper and that the plaintiff lacked standing to assert her claims, the District Court dismissed the case over the plaintiff's request that it instead be remanded, and the 10th Circuit affirmed the dismissal.

Here, the Defendant's reliance upon *Greene* is misplaced for several reasons.  First, as an unpublished decision, *Greene* is not to be afforded any precedential value.  10th Cir. R. 36.3(a).  More importantly, the Defendant has failed to appreciate a nuanced distinction between the facts present in *Greene* and those found here.  *Greene* relies upon *M.A.I.N. v. Commissioner*, 876 F.2d 1051, 1055 (1st Cir. 1989), in support of its conclusion that dismissal, rather than remand, is appropriate where the plaintiff in a removed action lacks standing, but upon a close reading, *M.A.I.N.* directs precisely the opposite result in the circumstances presented here.

In *M.A.I.N.,* the District Court, upon finding that the plaintiff in the removed action lacked standing, dismissed the case rather than remanding it.  876 F.2d at 1054-55.  The District Court's decision was based on a legal "fiction" that the case had been removed pursuant to 28 U.S.C. § 1442(a)(1), rather than 28 U.S.C. § 1441(b), as the defendant had stated in its notice of removal.  *Id.* at 1055.  The District Court found that the defendant – a federal officer – had an absolute right under § 1442(a)(1) to be sued in federal court, and that remanding the case to a state court where the plaintiff otherwise might have standing would deprive the defendant of that right.  *Id.*   On appeal, the First Circuit found that the District Court "erred in departing from the literal words of

5

[28 U.S.C.] § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action."[4]  *Id.*   As a result, the court vacated the dismissal of the action and remanded it.

The court in *M.A.I.N.*'s decision turned on a critical distinction between a case whose removal is predicated upon 28 U.S.C. § 1442(a)(1) because the defendant is a federal officer, and one whose removal occurs pursuant to 28 U.S.C. § 1441 because the plaintiff could have originally brought the action in federal court.   Removal by a federal officer under § 1442(a)(1) is an absolute right, whereas removal under § 1441 is permitted only where "the plaintiff might have brought [the action] in federal court directly," an act that is forbidden to a plaintiff who otherwise lacks standing to assert a claim in federal court.   876 F.2d at 1054, *citing Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 8 (1st Cir.1983).   Thus, where a case involves a federal officer removing the action pursuant to § 1442(a)(1) – the situation that was also present in *Greene* – dismissal in lieu of remand may be appropriate.   In such cases, remand would otherwise deprive the federal officer of his or her absolute right to a federal forum.   However, here, the Defendant does not purport to be a federal officer, and its removal of the Plaintiff's claim occurs under § 1441(b), allegedly because the Plaintiff could have commenced this action in federal court based on diversity.   As such, the primary holding in *M.A.I.N.* supports this Court's decision to remand the case rather than dismiss it – in such circumstances, 28 U.S.C. § 1447(c) is

---

[4]The portion of *M.A.I.N.* apparently relied upon by the 10th Circuit in *Greene* is dicta to the effect that, if the case were remanded, and if the federal officer remained a party, the federal officer could nevertheless remove the case again under § 1442(a)(1), and at that point, the District Court would have no choice but to dismiss the action rather than remanding it yet again.   876 F.2d at 1055.

unambiguous that remand, not dismissal, is the remedy for a case lacking sufficient jurisdiction.[5]

*See* 876 F.2d at 1054-55

   *Greene* cites several other cases in support of its conclusion that dismissal, rather than

remand, was the appropriate way to dispose of a removed action where the plaintiff lacks

standing, *Beckman v. Battin,* 976 F.Supp. 971, 977-78 (D. Mont. 1995)*; International Primate*

*Protection League v. Administrator*, 1992 WL 329555 (E.D.La. 1992); *M.A.I.N. v. Petit*, 644

F.Supp. 81, 85 (D.Me.1986), but in each case, the defendant was a federal officer capable of

removing the case under § 1442(a)(1).  Thus, it is clear that *Greene* requires dismissal, not

remand, only in those cases in which the defendant is a federal officer and removal occurs

pursuant to 28 U.S.C. § 1442(a)(1).  Those criteria are not met here, and therefore, *Greene* does

not compel a different outcome than that originally reached by this Court.

   Accordingly, upon reconsideration, the Court nevertheless finds that remand, rather than

dismissal, is the appropriate remedy for the Plaintiff's lack of standing in this case.  For these

reasons, the Defendant's Motion for Reconsideration **(# 11)** is **GRANTED IN PART**, insofar as

the Court has reconsidered its prior ruling in light of *Greene*, and **DENIED IN PART**, insofar as

upon reconsideration, the Court finds no reason to modify its prior Order.  The Plaintiff's Motion

---

   [5]Both parties assert that 28 U.S.C. § 1332 provides for this Court's subject-matter
jurisdiction on the grounds of diversity.  Although true, this misses the point that standing is a
component of jurisdiction that must exist independently of any statutory basis for subject-matter
jurisdiction.  In other words, the parties must be diverse <u>and</u> the Plaintiff must have standing
before this Court can exercise jurisdiction over the case.  Because the Plaintiff here lacks standing,
the diversity of the parties is insufficient of itself to salvage jurisdiction.
   Moreover, as *M.A.I.N.* makes clear in the context of § 1441(b), the Defendant's removal
of the case under § 1441(a) was improper in any event, because the Plaintiff's lack of standing
would have prevented this Court from having original jurisdiction over the action had the Plaintiff
commenced it in this Court in the first instance.  Because removal was improper, remand is the
appropriate remedy under 28 U.S.C. § 1447(c).

for Reconsideration **(# 12)** is **DENIED** in its entirety.  The Clerk of the Court shall terminate

docket entry # 2, and shall immediately carry out the remand order in this Court's June 28, 2006

Order **(# 10)**.

      Dated this 27th day of February, 2007

                  **BY THE COURT:**

                  Marcia S. Krieger
                  United States District Judge